# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)* Chrysler LLC Capital

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*

TD AUTO FINANCE LLC, dba CHRYSLER FINANCIAL
SERVICES; DOES 1-10 inclusive,

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

AKRAM CHAHIN and JACKELYN YOU

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**12/12/2016** at 10:42:40 PM
Clerk of the Superior Court
By Justin Mills, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of Orange County<br><br>700 West Civic Center Drive<br>Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):* 30-2016-00891894-CL-NP-CJC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Todd M. Friedman, 21550 Oxnard St., Suite 780  Woodland Hills, CA 91367  877-206-4741

DATE:
*(Fecha)* 12/12/2016 DAVID H. YAMASAKI, Clerk of the Court

Clerk, by *Justin Mills*
*(Secretario)*        Justin Mills        , Deputy
                                            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** |

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Ste 780
Woodland Hill, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
abacon@attorneysforconsumers.com
Attorneys for Plaintiffs

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**12/12/2016** at 10:42:40 PM

Clerk of the Superior Court
By Justin Mils, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF ORANGE
## LIMITED JURISDICTION

| | |
|---|---|
| AKRAM CHAHIN and JACKELYN YOU,<br><br>Plaintiffs,<br><br>-vs-<br><br>TD AUTO FINANCE LLC, dba CHRYSLER FINANCIAL SERVICES; DOES 1-10 inclusive,<br><br>Defendant. | CASE NO.: 30-2016-00891894-CL-NP-CJC<br><br>COMPLAINT<br>  1. Violation of Fair Credit Reporting Act<br>  2. Violation of California Consumer Credit Reporting Agencies Act<br><br>(Amount Not to Exceed $10,000)<br><br>**Jury Trial Demanded** |

## I. INTRODUCTION

1. This is an action for damages brought by individual consumers for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 (hereinafter "FCRA"), and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25, *et seq.* (hereinafter "CA CCRA"), both of which regulate the collection, dissemination, and use of consumer information, including consumer credit information.

## II. PARTIES

2. Plaintiffs, AKRAM CHAHIN AND JACKELYN YOU ("Plaintiffs"), are natural persons residing in ORANGE County in the state of California, and is a "consumer" as defined by 15 U.S.C. §1681a and *Cal. Civ. Code* §1785.3(a).

Complaint - 1

3.     At all relevant times herein, Defendant, TD AUTO FINANCE LLC, dba CHRYSLER FINANCIAL SERVICES ("Defendant"), was a company who regularly provides information to consumer reporting agencies, and is therefore an "information furnisher" as defined by the FCRA and CCRAA. Defendant is also a "person" as defined by *Cal. Civ. Code* §1785.3(j).

## III. FACTUAL ALLEGATIONS

4.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant reported derogatory information on Plaintiffs' credit report. Defendant misrepresented, and continue to misrepresent, on one or more of Plaintiffs' accounts.

5.     Plaintiffs' account with Defendant was regarding a vehicle that was surrendered as part of a Lemon Law lawsuit. Despite already surrendering the vehicle, Plaintiff was still ordered to make additional payments for the vehicle.   Plaintiff made three (3) additional payments since surrendering the vehicle before Defendant finally closed out the account. Plaintiff's three (3) additional payments were refunded, but Defendant submitted a negative reporting on Plaintiff's credit – alleging the payments as 60-90 days late. Plaintiffs discovered a negative reporting on her credit report, and believes that the negative reporting was furnished by Defendant.

6.     Upon discovery of the reporting, Plaintiff contacted Defendant to request verification of the alleged debt, and to dispute the reporting to the credit reporting agencies. Defendant, to this day, as refused or failed to rectify or acknowledge Plaintiff's dispute.

7.     Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so.

8.     The inaccurate information negatively reflects upon the Plaintiffs, Plaintiffs' credit repayment history, Plaintiffs' financial responsibility as a debtor and Plaintiffs' credit worthiness.

9.      The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

10.     Plaintiffs has been damaged, and continues to be damaged, in the following ways:
   a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiffs to other people both known and unknown

11.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

12.     At all times pertinent hereto, the conduct of Defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

13.     Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):
   a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiffs to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,
   b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

14.     Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiffs that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiffs for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

15.     Further, Defendant failed to notify Plaintiffs of their intention to report negative information on their credit reports. Defendant then failed to correct the disputed information within thirty days of Plaintiffs' dispute of that information.

16.     As a result of the above violations of the FCRA and CA CCRA, Plaintiffs suffered and continues to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiffs for Plaintiffs' actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF THE FAIR CREDIT REPORTING ACT

17. Plaintiffs reincorporates by reference all of the preceding paragraphs.

18. To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays that judgment be entered against the Defendant for the following:

      A.    Actual damages;
      B.    Statutory damages for willful and negligent violations;
      C.    Costs and reasonable attorney's fees; and,
      D.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

19. Plaintiffs incorporates the foregoing paragraphs as though the same were set forth at length herein.

20. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

21. California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

22. California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

23. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

24.     Based on these violations of Civil Code § 1785.25 (a), Plaintiffs is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that judgment be entered against Defendant for the following:

(a)     Actual damages;
(b)     Statutory damages;
(c)     Costs and reasonable attorney's fees;
(d)     For such other and further relief as the Court may deem just and proper.

**PLAINTIFFS HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 10th day of December, 2016.

By:    _____
       Todd M. Friedman, Esq.
       Law Offices of Todd M. Friedman, P.C.
       Attorney for Plaintiffs